IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CYNTHIA DIXON JOHNSON      *
                                       *
        v.                            *   Civil No. JFM-05-2654
                                       *
WACHOVIA BANK, N.A.          *
                                      *****

MEMORANDUM

This action arises out of loans taken out by plaintiff's now deceased husband with Wachovia Bank. Plaintiff alleges she did not become aware of the loans until after her husband passed away and that once she questioned Wachovia about them, the bank threatened to repossess her home if she did not refinance the loans in her own name. She alleges that her signature on the deeds of trust supporting the original loans was forged and that Doris Harrison (a Wachovia employee) negligently notarized the deeds.

On the basis of these allegations plaintiff filed suit in the Circuit Court for Baltimore City. She asserted only state law claims for constructive fraud, negligence, fraud, a declaratory judgment, violation of the Maryland Consumer Protection Act, and rescission. Wachovia removed the case to this court. There is no diversity of citizenship between the parties, and Wachovia's removal was on based solely on federal question jurisdiction. Plaintiff has filed a motion to remand. The motion will be granted.[1]

---

[1] Plaintiff also seeks costs and attorneys' fees incurred in connection with the removal and remand proceedings. Exercising my discretionary authority under 28 U.S.C. Section 1447(c), I deny that request. I am satisfied that although in the final analysis the remand motion turns on fundamental principles, the issues presented are not "obvious." *See In re Lowe*, 102 F.3d 731, 733 n.2 (4th Cir. 1996). That is particularly so because actions brought under the National Bank act are one of only three types of cases in which the Supreme Court has applied the complete preemption rule in the removal context.

An action in which the complaint asserts only state law claims on its face may be removed on the basis of federal question jurisdiction only where there is "complete preemption." i.e., where federal law is deemed to entirely subsume state law claims. *See, e.g., Avco Corp. v. Aero Lodge No. 735, Int'l Assoc. of Machinists and Aerospace Workers, et al.*, 390 U.S. 557 (1968) (finding complete preemption by §301 of the Labor Management Relations Act); *Metropolitan Life Ins. Co. v. General Motor Co.*, 481 U.S. 58 (finding complete preemption with regard to ERISA §502(a)(1)(B)).  Here, Wachovia contends that the state law claims asserted by plaintiff are completely preempted by regulations promulgated by the Office of the Comptroller of the Currency relating to national banks' real estate lending activities.

As an initial matter, it is not clear that regulations, rather than statutes, can establish a basis for complete preemption.  It is true, as Wachovia posits, that in *Fidelity Fed. Savings & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153 (1982), the Supreme Court stated that "[f]ederal regulations have no less pre-emptive effect than federal statutes."  *Fidelity Federal* was not, however, an action removed from state court on complete preemption grounds but one in which the California Court of Appeal had upheld a state law rule of decision against a challenge that it was invalid on the basis of conflict preemption.  Cases following *Fidelity Federal* have emphasized that complete preemption depends upon a clear *congressional* intent for the state law to be entirely displaced as demonstrated by the text of the statute.  *Metropolitan Life*, 481 U.S. at 65-66; *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 9 (2003); *Lontz v. Tharp*, 413 F.3d 435, 441 (4th Cir. 2005).

In any event, assuming that a pervasive federal regulatory scheme could provide a basis for complete preemption, Wachovia has not established that the regulations it cites, 12 C.F.R.

2

§§34.3 and 34.4, establish clear congressional intent for an exclusive federal cause of action.  Of course, as Wachovia contends, the regulations do establish uniform rules and procedures national banks are required (and entitled) to follow in their lending practices.  Moreover, it is unquestionable that complete preemption exists in actions where it is alleged that national banks have violated state usury law.  *Beneficial National Bank, supra*; *Austin v. Provident Bank*, 2005 W.L. 1785285 (N.D. Miss. July 26, 2005).  However, in *Beneficial* the Supreme Court found the required congressional intent for complete preemption not in federal regulations but in sections 85 and 86 of the National Bank Act.  As stated by the Court, the first of these sections "sets forth the substantive limits on the rates of interest that national banks may charge."  539 U.S., at 9.  The second "sets forth the elements of a usury claim against a national bank, provides for a 2-year statute of limitations for such a claim, and prescribes the remedies available to borrowers who are charged higher rates and the procedures governing such a claim."  *Id*.

In contrast, in the present case no provision of the National Bank Act specifically applies to the question of the safeguards a national bank must follow in assuring that forged documents are not submitted in connection with a real estate loan.  Moreover, there is nothing unique about national banks in considering that question.  Any financial institution, business entity, or individual is under a duty not to base a commercial transaction upon a forgery, and the standards governing performance of that duty traditionally have been established by state common and statutory law.  Therefore, a claim (such as the one asserted by plaintiff in this case) based upon alleged acceptance of forged documents falls well within the exception created by 12 C.F.R. § 34.4 subjecting national banks to state contract and tort laws that "are not inconsistent with the real estate lending powers of national banks."

A separate order is being entered herewith effecting the rulings made in this Memorandum.


Date: <u>February 2, 2006</u>           /s/_____
                                        J. Frederick Motz
                                        United States District Judge